## Vicary *against* Moore.

2w451
130    70
2w451
157   440

2 W    451
27 SC 4529

An action of covenant lies on a specialty exclusively, and not on a specialty modified or enlarged by simple contract. The altering of a written contract by parol makes it all parol.

A plea *puis darrein continuance* requires extreme certainty ; it must contain a precise specification of the day of continuance. To plead that the matter arose since the issue was joined, is a defect which justifies the rejection of the plea on motion.

Entries on loose scraps of paper, carried in the pocket for several days, without a reason to account for the irregularity, cannot be given in evidence to charge a party.

In an action of covenant, an order drawn by the plaintiff on the defendant for money, is legal evidence, and it is error to reject it on the ground that it was for money due on another contract.

In an action of covenant a balance may be certified by the jury to be due to the defendant.

ERROR to the common pleas of *Beaver* county.

This was an action of *covenant* by John Moore, the defendant in error, against William Vicary. The declaration set forth, that on

[Vicary v. Moore.]

the 3d of March 1826, by articles of agreement then executed between the parties, Moore agreed to erect for Vicary a stone dwellinghouse fifty-two feet in length, thirty-eight or forty feet in width, and twenty-three feet high, the two stories, with a cellar under the whole house eight feet high ; the walls and outside of the house to be finished as Mr O'Byrne's storehouse ; the carpenter work to be done after the manner of Mr Shield's house, with some variations in the closets ; all the work to be executed in a workmanlike manner, complete, with sufficient materials ; with a stone smokehouse, springhouse, and necessary ; all to be finished against the following December, for which Vicary was to pay by instalments, as the work progressed, 2450 dollars ; and that by the same articles of agreement Moore engaged to build a barn for Vicary, who was to pay for the same 650 dollars, in two instalments, the second to be paid on the completion of the building.    The declaration then went on to state, that it was further agreed between the parties, in a conversation on the 1st of April 1826, and at the special instance and request of Vicary, that the articles of agreement should be altered, modified and varied in the manner following, viz. that the walls of the house should be constructed of cut stone, and put up in a style far superior to the contract aforesaid ; that there should be parapet walls ; that the walls should be coped with cut stone ; that the steps of the front door should be of stone ; that the steps of the back door should also be of stone ; that eight cellar windows should be curbed with cut stone ; that there should be an oven and an ash house, and that the front of the oven should be of cut stone ; that there should be partitions in the kitchen, and an embankment wall at the ends and front of the house ; that there should be built end walls to the overshot of the barn, and stalls, ricks and troughs in the stable ; a granary in the overshot, and a cellar dug under the barn ; and that Moore should have until the 1st of April 1827 to finish one half of the house, which he was obligated to finish in the year 1826 ; for all which additional work Vicary was to pay such sum as the work would be reasonably worth ; that Moore performed the additional work, and that it was worth 1435 dollars ; that although the buildings were not wholly finished until November 1829, yet they were then accepted by Vicary, and have been ever since occupied by him, " who refused to pay the same or any part thereof."    Then came the general averment that the plaintiff had performed the covenants in the written articles of agreement, so modifying and altering them as expressed in the subsequent parol agreements.    It then assigned the breach by the defendant of the " covenants and agreements aforesaid."

On the 4th of September 1832, the defendant put in a plea in abatement, " that since issue was joined in this case, to wit to June term last past, a writ of foreign attachment was issued out of the court of common pleas of Beaver county, at the suit of Dr Charles Dutton, indorsee of James Taylor, against the above named plaintiff,

[Vicary v. Moore.]

John Moore," in which William Vicary was summoned as garnishee. The plea was signed by the defendant's attorney, but was not verified by the defendant's affidavit.

From the record of the attachment it appeared that the attorney of the plaintiff in it, on the 4th of December 1832, agreed that the verdicts in two actions, embracing the present one, in which Moore was plaintiff and Vicary was defendant, should decide the amount in the hands of the latter to be recovered from him by the plaintiff in the attachment ; or, in other words, that " the plaintiff in the attachment would go for no more, as against Vicary, than would be recovered" from him by Moore in the two said actions. It was also agreed by the attorney of Moore, that the amount of the payment that would be recovered in the two cases mentioned, should be held to the use of the plaintiff in the attachment, to the extent of the recovery of such plaintiff.

The plea in abatement was, on motion, rejected by the court below : and the cause came on for trial under the pleas of covenants performed, *absque hoc* that the plaintiff did not perform his part of the agreement, and set off. On the trial the original articles of agreement, sealed and signed by the parties, were produced. The plaintiff then offered evidence to show that after the written contract was made, it was agreed by parol between the parties, that the extra work, described as such in the declaration, should be done by the plaintiff, and was done by him, in pursuance of the parol agreement. The evidence thus offered was objected to by the defendant's counsel. The objection was overruled by the court, and the evidence admitted : to which an exception was taken.

On the part of the defendant, an order drawn on him by the plaintiff, in favour of Henry Cress, dated the 30th of March 1827, for 100 dollars, was offered in evidence, to the admission of which the plaintiff's counsel objected, on the ground that it was given for carpenter work done to the kitchen and house ; that the work done to the kitchen amounted, at the time of drawing the order, to 80 dollars, and there was a separate suit depending for work done to the kitchen, on a separate and distinct contract. The objection was sustained as to the 80 dollars, the amount of carpenter work done to the kitchen, as proved by Henry Cress ; to which the defendant's counsel excepted.

The defendant then offered in evidence his account book, in which he had made sundry charges against the plaintiff. He stated, on his *voir dire*, that it was his book of original entries, but that many of the entries were made on scraps of paper at the time the transaction occurred, and were carried in his pocket, one, two, three or four days, before they were transferred to the book. He could not say that the entries were made on the days stated in his book. The plaintiff's counsel objected to the admission of the book in evidence. The objection was sustained, and exception taken by the defendant's counsel.

[Vicary v. Moore.]

The following errors were assigned.

1. There is error in this, that the original writ being in covenant, the plaintiff below in his declaration joined covenants, contained in a deed or instrument of writing sealed, with a substantive and distinct parol agreement subsequently made, alleging breaches of each, for which he claimed damages.

2. The court erred in refusing to receive the defendant's plea in abatement, *puis darrein continuance*, on the ground that it was not verified by the oath of the party, notwithstanding its truth was established by the records of the said court, to which the said court was referred for the truth of the facts set forth in said plea.

3. The court erred in permitting the plaintiff below, on the trial of the cause, to give evidence to the jury, that after making the written agreement the parties made a parol or verbal agreement by which other and additional work was to be done by the plaintiff for the defendant than was mentioned in the said original or written agreement made between the parties, and that such additional and extra work was done in pursuance of said parol contract.

4. The said court erred in applying a part, viz. 80 dollars of an order drawn by the said plaintiff on the defendant in favour of Henry Cress, dated 30th of March 1827, for work done to the kitchen, without submitting the fact to the jury whether it ought to be so applied, or whether from the evidence the whole amount of the order, viz. 100 dollars, ought not to be applied in payment of the house and barn, and by excluding from the consideration of the jury 80 dollars, part of said order.

5. The court erred in refusing to permit the original book of entries of the defendant below to go in evidence to the jury.

6. The court erred in stating in the charge to the jury, that the plaintiff's claim for extra work under the parol agreement, among other things, embraced the glazing of nineteen windows, when in truth and in fact no such extra work is required by the alleged parol contract set forth in the plaintiff's declaration.

7. The court erred in charging the jury that if they were satisfied that the article of agreement was changed by the parties, and that there was an agreement between the parties to do this extra work, the plaintiff was entitled to recover such sum as the jury might consider that the work was proved to be worth.

8. The court erred in stating in the charge to the jury, that in this action, it being an action of covenant, there could not be a balance certified in favour of the defendant, although they should believe he had overpaid the plaintiff.

*Shannon*, for the plaintiff in error.

In his action the plaintiff below joined covenants in two distinct and independent agreements, which could not be blended together. Each covenant, we contend, afforded a remedy. To allow such an amalgamation of parol agreements with written covenants would

[Vicary v. Moore.]

take away and destroy all the characteristics and properties of the action of covenant. The case which is relied on to sustain the present is Jordan *v.* Cooper, 3 *Serg. & Rawle* 579. But between the two there is a material difference.

We conceived it unnecessary to add the affidavit of the party to the plea in abatement, as the facts which it set forth were spread on record.

The payment of money to the order of Moore in favour of Cress, who was the carpenter employed by the latter and worked both at the house and kitchen, was not specifically applied to either contract.

The defendant's book of original entries should have been received as evidence. Curren *v.* Crawford, 4 *Serg. & Rawle* 3, 5 ; Ingraham *v.* Bockius, 9 *Serg. & Rawle* 285.

*H. M. Watts* and *Forward,* for the defendant in error.

1st, 3d, and 7th errors. The forms of the common law being inadequate to the merits of the plaintiff's action, it became necessary for him to address himself to that character of our jurisprudence in which the principles of law and equity are so happily blended and administered, the ground works and massive parts being in covenant ; the superstructure and ornamental variations being by parol, each running into each other so like light and shadow, that it cannot be conceived how justice can be attained in any other mode than that adopted by the plaintiff. That our courts have been obliged to depart from the rigour of legal forms to reach the equity of the case is evident from the opinion of our late lamented chief justice, in Jordan *v.* Cooper et al. 3 *Serg. & Rawle* 579, a case expressly fixed by the court as a precedent for future ones. By this case, unimpaired as it stands by any subsequent decision, have we been guided, and by this standard we must be judged. An action of *assumpsit* could not be sustained contrary to all rule, when to support it would require evidence of a specialty.

2d error. The statute of 4 *Anne* requires that all dilatory pleas should be verified by the affidavit of the party, which was not done. It was put in after the cause was at issue, *puis darrein continuance,* without noting the time of continuance. Had the plea been received it must have been determined against the plaintiff; for if the issuing of a foreign attachment against a plaintiff in a suit then pending, and the summoning of the defendant in the same suit as garnishee, were to abate the action previously brought, it would be a very simple and eligible mode for all debtors to pursue to defeat the claims of their creditors. The court, we think, were right in rejecting the plea.

4th error. The reason why the credit of 80 dollars was not allowed by the jury is satisfactorily stated in the opinion of the court. The payment was made under a distinct contract for building the kitchen, and credited there.

5th error. The defendant, who offered his book of accounts, stated

[Vicary v. Moore.]

that he was in the habit of retaining the scraps of paper in his pocket for several days, sometimes weeks, before the entry was made in the book.    According, then, to the decision of all cases preceding this, the court were certainly right in rejecting it.

*Banks*, in reply.

The case of Jordan v. Cooper does not, as an authority, extend to this case.    There further time was merely given for the execution of a deed.    Nothing new was added to the contract.    There was not such an alteration as to prevent a recovery on the contract. But here the alterations were material.    In fact the parol agreement stipulated for entirely new work, wholly different from the work specifically described in the original contract.    The covenant in the old contract cannot be made to embrace the new work, the latter being done under a subsequent and distinct agreement, which did not in any manner impair the former.    We contend that, in covenant, the plaintiff cannot embrace two distinct causes of action, one founded on a specialty, the other in case.

4th error.    As to the application made by the court of the 80 dollars.    In this the court were manifestly wrong, in deciding the matter before it went to the jury, from whom it was withdrawn by being thus prejudged.

The opinion of the Court was delivered by

GIBSON, C. J.—An action of covenant lies on a specialty exclusively ; and not on a specialty modified or enlarged by simple contract.    To the universality of this rule, Jordan v. Cooper is an undoubted exception ; but the supposition that it has driven the rule from our courts is an erroneous one.    There it was determined that the acceptance of a deed after the appointed day of delivery, might be pleaded as equivalent to performance at the day, to entitle the vendor to a specific execution of the contract ; but the remedy was not viewed, as to any thing but the form of it, in the light of an action at law, or as any thing else than a substitute for a bill in equity.    From what fell from the chief justice and myself, it may be supposed that we took the plaintiff to be without remedy at law, and in fact the matter was considered in that aspect ; but it is certain that although he had no legal remedy on the writing, he might have maintained *assumpsit* on the contract as modified by the acceptance, in which the specialty would have been admissible as inducement to show what parts of the original contract were incorporated with the new one.    Such is the principle of Baird v. Blaigrove, 1 *Wash. Virg. Rep.* 170 ; Jewel v. Schoepel, 4 *Cowen* 564 ; and perhaps Mudd v. Mudd, 3 *Harris & J.* 438 ; which seem to be founded on Heard v. Wadham, 1 *East* 619, and other modern English cases which are not authority here.    See 2 *T. R.* 479 ; 3 *T. R.* 590 ; and 1 *M. & S.* 575.    In these it has been determined that where the stipulations in a deed are incorporated in a parol contract

[Vicary v. Moore.]

with matters unconnected with the deed, *assumpsit* lies for a breach of it as an entire thing. But it is obvious that this remedy is an inefficient one, and absolutely worthless after a lapse of six years; consequently its existence at law furnishes no objection to a specific execution in equity, to enforce which was the object in Jordan *v.* Cooper. That covenant is not maintainable on a heterogeneous agreement *as a common law remedy, is most undoubted;* and for the reason that a contract cannot rest partly in writing and partly in parol: for as the alteration of a contract makes it a different contract, just as the altering of an instrument is laid in an indictment of forgery as the making of a new and entire instrument, which it is in effect; so the altering of a written contract by parol makes it all parol. And it is certainly more reasonable that the parol part, being the more recent expression of the intention, should draw to its nature the retained stipulations of the old contract, than that the latter should draw to them the parol stipulations, which are incapable of assimilation to a specialty. The matter for consideration, therefore, is, whether necessity requires the principle of Jordan *v.* Cooper to be carried further than the case there decided, in which there was no modification of the covenants on which the defendant was called to respond. Now there is a substantive difference between an alteration of the plaintiff's stipulations, being but conditions precedent to the action, and those of the defendant, on which it is directly founded. The performance of the first may be waived before the day, so as to entitle the plaintiff, without more, to an action on the defendant's covenants; and it is but a step further to sustain it on a waiver, after the day, in order to satisfy the requirements of justice by a specific execution. But to sustain a count based specifically on covenants modified by parol, would require us to give to the whole the quality and effect of a specialty. The parts superadded would be exempt from the statute of limitations; and the money secured by them would come in for a preference before the simple contract debts of a decedent. It is certainly less incongruous to reduce the whole to parol; the written contract being treated as abandoned, or used no further than to mark the terms and extent of the new stipulations.

In cases like the present, it may be doubtful whether there has been an alteration or an addition. Where the work contracted for may be executed at the same time conformably to the terms of both agreements, it may be taken that they are distinct, and competent to sustain separate actions, according to the quality and degree of each; but where they cannot so stand together, it may be taken that the original contract has been relinquished, so much of it as consists with the subsequent one being merged in it, and taking its character and qualities. This unity of contract by incorporation and assimilation is not peculiar to an alteration by parol. The alteration of a parol contract by a specialty would have the same absorbing effect; as would the alteration of a specialty by a specialty, both

II.—3 H

[Vicary v. Moore.]

writings constituting but one instrument. In the case before us there would seem to be both alterations and additions, which, however, equally indicate a relinquishment of the original bargain, and reduce the whole to the same grade. What may be the proper form to reach the merits in the circumstances of this particular case it is not for us, at present, to say; but it is clear that an action of covenant cannot be maintained on a contract compounded of specialty and parol. The decision in Phillips v. Rose, 8 *Johns.* 306, is express to the point.

There were other matters in the cause; and first the rejection of the plea in abatement. The 4th *Anne*, c. 16, requires that no dilatory plea be received, "unless the party offering such plea do, by *affidavit*, prove the truth thereof, *or show some probable matter* to the court to induce them to believe that the fact of such dilatory plea is true." Under this statute the *affidavit* has been dispensed with where the court could ascertain the fact by inspection of its own records. It would therefore seem that the record of the foreign attachment pleaded, being in the same court, may have been sufficiently verified by the record itself. Yet it is certainly the usual, and the better practice in such cases, to subjoin the *affidavit*. But there is a decisive objection to the plea on the face of it. It was intended to be *puis darrein continuance*, which requires extreme certainty; but instead of being pleaded as having arisen since the last continuance, with a precise specification of the day of the continuance, the matter is barely alleged to have arisen since the issue was joined. This is a gross defect which justified the rejection of the plea on motion.

The defendant offered in evidence certain entries in his books, not made at the time, but copied from loose slips of paper carried in the pocket for one or more days before they were transferred to the books. In Curwen v. Crawford it was said the entries must be made at or *near* the time, and if the latter, they ought certainly to be made in the regular routine of the business. In Ingraham v. Bockius, they were made the same evening, or the next morning, from memoranda kept by the servant who delivered the articles; and in Patton v. Ryan, 4 *Rawle* 410, they were copied from a card the same evening or the next day. In the case at bar, neither the routine of the defendant's business, nor any other reason for postponement accounts for the delay. It is clear, therefore, that entries on loose scraps of paper, carried in the pocket for several days, without a reason or circumstance to account for the irregularity, could not affect the party charged.

But the payment to the plaintiff's order in favour of one of his journeymen, was a defence to the extent of it. What matters it that a part of the work for which the order was drawn, was no part of the job for which the action was brought? Or what if the job had not been done for the defendant at all? The plaintiff received so much money, which the defendant might have appropriated to either account at his pleasure; and having omitted to appropriate it

[Vicary v. Moore.]

then, he might do so when called upon. The point was erroneously put to the jury.

The direction that a balance in favour of the defendant could not be certified in this form of action, was also erroneous. In Gogel *v.* Jacoby, 5 *Serg. & Rawle* 117, it was held that damages for malfeasance in the execution of a contract cannot be set off in an action on it in order to procure such a certificate. But here the attempt is to charge the plaintiff, not on that ground, but with an overpayment, which might, if established, be recovered back in an action of *indebitatus assumpsit;* and it is not so much the form of the action as the nature of the cross demand which determines the power of the jury to certify. The direction on this part of the case also ought to have been in favour of the defendant.

Judgment reversed.