# Forsythe *against* Norcross.

Memoranda made upon a slate, and transcribed into a book five or six days afterwards, are not such original entries as can be submitted to a jury as evidence. Nor will any prevailing custom make them evidence.

ERROR to the common pleas of *Fayette* county.

Norcross *v.* Forsythe, *assumpsit*, in book account, for blacksmith work done by the plaintiff for the defendant.

The plaintiff being sworn, said, that the books exhibited were his books of original entry: that he made the entries on a slate until it was full, and then after four, five, or six days, transcribed them into his book; and he and three other witnesses, blacksmiths, swore that this was a general custom, as far as they knew.

The court received the evidence and the defendant excepted.

*Deford*, for plaintiff in error, cited 1 *Dall.* 239; 1 *Binn.* 234; 4 *Serg. & Rawle* 3; 5 *Serg. & Rawle* 404; 12 *Serg. & Rawle* 411; 4 *Yeates* 341; 12 *Serg. & Rawle* 80; 5 *Serg. & Rawle* 226; 13 *Serg. & Rawle* 126; 1 *Yeates* 198–321; 4 *Rawle* 404; 3 *Watts* 325.

And proof of a particular custom will not control the law, 1 *Watts* 360; 6 *Binn.* 417.

*Flanagan*, for defendant in error.

PER CURIAM.—An entry on a card or a slate, is but a memorandum preparatory to permanent evidence of the transaction, which must be perfected at or near the time, and in the routine of the business. But the routine must be a reasonable one; for there is nothing in the condition of a craftsman to call for indulgence till his slate be full, or till it be convenient for him to dispose of the contents of it. In Ingraham *v.* Bockius, 9 *Serg. & Rawle* 285, and Patton *v.* Ryan, 4 *Rawle* 410, the entries were transferred the same evening or the next morning; and they ought in every instance to

be so in the course of the succeeding day.  In *Vicary v.* Moore, 2 *Watts* 458, entries transferred from scraps of paper carried about in the pocket during one or more days, were held to be inadmissible; and on this principle, the book was, in the present instance, incompetent.

Judgment reversed, and a *venire de novo* awarded.