## COOK v. ASHMEAD ET AL.

### September 29, 1838.

*Rule to show cause why a new trial should not be granted.*

Entries in a tradesman's day-book, transferred from a memorandum-book, at a time after the day succeeding that of the entries in the memorandum-book, are not evidence.

IN this case the judge, on the trial, received in evidence the plaintiff's book of original entries, to prove goods sold and delivered, but reserved the point of its admissibility, objection having been made by the defendant, who obtained this rule to show cause why a new trial should not be granted. It appeared that the entries were transferred from a memorandum-book, some on the first, some on the second, and others on the third day after the entry in the memorandum-book.

*C. Ingersoll,* for the rule.
*Bradford,* contra.

The counsel cited, 1 *Rawle* 373, 435 ; 5 *Watts* 432 ; 4 *Rawle* 404 ; 2 *Watts* 347, 451 ; 4 *S. & R.* 3 ; 9 *S. & R.* 285 ; 16 *S. & R.* 133 ; 3 *Watts* 325 ; 4 *Watts* 258 ; 7 *S. & R.* 273 ; *Salk.* 285 ; 1 *Taunt.* 12 ; 6 *Bing.* 561 ; 2 *Moore* 153 ; 9 *Pick.* 176 ; 3 *East.* 451.

PER CURIAM.—The tendency of the decisions in Pennsylvania is rather to limit than enlarge the scope of the rule, allowing shop-books as evidence for the plaintiff. Thus in Forsythe *v.* Norcross, (5 *Watts* 432,) the Supreme Court, although admitting that an entry on a card or slate, was but a memorandum preparatory to more permanent evidence, yet said it must be perfected at or near the time, and that entries transferred, *ought in every instance to be so at least in the course of the day succeeding* that of the entry by way of memorandum.

Rule absolute.