## Vaughn *against* Ferris.

A subsequent parol agreement varying the terms of a sealed contract, cannot be tacked to it, so as to make the whole a covenant between the parties.

In a *scire facias* upon a judgment entered on a bond conditioned for the performance of certain things mentioned in a covenant between the parties, it is not competent for the plaintiff to give in evidence a subsequent parol agreement between him and the defendant, by which the terms of the covenant were altered.

ERROR to the Common Pleas of *Luzerne* county.

John Vaughn, Jr., against Isaac Ferris and Samuel Ferris. This was a *scire facias* upon a judgment entered upon the following agreement and bond:

Be it remembered that on the 21st day of November one thousand eight hundred and thirty-two, it is agreed between Samuel Ferris, of the township of Blakely, county of Luzerne, and state of Pennsylvania, and John Vaughn, Jr., of the township of Providence, in the county and state aforesaid, in manner and form following, to wit: The said Samuel Ferris for the consideration hereinafter mentioned, doth for himself, his heirs, executors and administrators, covenant with the said John Vaughn, Jr., his executors, administrators and assigns, that he the said Samuel Ferris, or his assigns, shall and will repair the saw-mill, now one-third of which is owned by the said Ferris, the other two-thirds by Calvin Barber, situate in the township of Blakely aforesaid, in complete repair, and chop down and saw with a cross-cut saw, into logs of suitable length for home and other markets, all the pine timber on the premises or lot of land called the Connor lot, and haul said logs to the said mill, owned by said Ferris and Barber as above-mentioned, and saw in a complete workman-like manner, the said logs into such boards and other materials, as will best suit home and other markets; dress off the stub-shorts of all said boards or materials, after being sawed in said mill, and pile each kind of said boards and materials into four different

piles, to wit: culling, common, first, and second pannels, and pile each pile in a complete manner, and cut the timber clean as he goes, from the beginning to the end of this contract, and clear the said premises of all the pine timber, by the first day of April one thousand eight hundred and thirty-six, if it can [not] be sawed in said mill in that time. *In consideration thereof,* the said John Vaughn, Jr., doth, for himself, his executors and administrators, covenant with the said Samuel Ferris, his executors, administrators and assigns, well and truly to pay unto the said Samuel Ferris, his executors, administrators or assigns, the sum of twenty cents, in store goods, for chopping and sawing said logs with a cross-cut saw, as above-mentioned, for each and every thousand feet of said lumber, sawed in said mill out of said logs, as above-mentioned; or chop and saw part or all of said logs himself, or cause it to be done, and that the said Ferris shall have one equal half of all the said lumber, after being sawed and piled as above-mentioned. And further, the said Ferris agrees that the said Vaughn may chop and saw with a cross-cut saw, all or any part of said logs as above-mentioned, and that he, the said Ferris will deduct the sum of twenty cents for each thousand feet, as above-mentioned, chopped and sawed by said Vaughn; and that it shall be optional with the said Vaughn, after the said Ferris has taken five hundred logs from the said premises, to continue or discontinue these agreements; and that he, the said Ferris, will lease Barber's part of said mill, or agree with Barber to saw for him, the said Ferris, all the time he can, until the whole be completed or discontinued; and to stock and drive said mill until all of said lumber is sawed. And it is further agreed that no part of said lumber shall be disposed of by either party, until a division be made. In witness whereof, the parties above named have hereunto set their hands and seals, day and year first above written.

Samuel Ferris,　[seal].

John Vaughn, Jr.　[seal].

Bond. Know all men by these presents, that we, Samuel and Isaac Ferris, of Blakely township, in the county of Luzerne, and state of Pennsylvania, are held and firmly bound unto John Vaughn, Jr., of Providence township, in the county and state aforesaid, in the sum of $5000 lawful money of the United States, to be paid to the said John Vaughn, Jr., or to his certain attorney, executors, administrators, or assigns, to which payment well and truly to be made and done, we bind ourselves, heirs, executors, administrators, and every of them, firmly by these presents; sealed with our seal, dated the fifth day of February, in the year of our Lord one thousand eight hundred and thirty-three. The condition of this obligation is such, that if the above bounden Samuel and Isaac Ferris, their heirs, executors, administrators, or any of them, shall and do well and truly pay, or cause to be

paid, unto the above-named John Vaughn, Jr., or to his certain attorney, executors, administrators, or assigns, the just and full sum of $5.50, lawful money of the United States, for each and every thousand feet of lumber the said Vaughn has, or may have at any time hereafter, at the said Samuel Ferris's saw-mill, in Blakely township, agreeably to an agreement between Samuel Ferris and John Vaughn, Jr., bearing date the twenty-first of November, one thousand eight hundred and thirty-two, as by reference to said agreement will more fully appear, when sold or otherwise disposed of, and sell or otherwise dispose of all of said lumber which is, or may be at any time hereafter, at the said Ferris's mill, in Blakely township, belonging to the said Vaughn, agreeably to the above-mentioned agreement of the twenty-first of November, one thousand eight hundred and thirty-two, as often as once in each and every year, provided there is water sufficient to float said lumber to market, without fraud or further delay, then the above obligation to be void and of no effect, otherwise to remain in full force and virtue. And further, we do hereby empower any attorney of the Court of Common Pleas of Luzerne county, or any court of record of Pennsylvania, or elsewhere, to appear for us, and after one or more declarations filed for the above penalty, thereupon to confess judgment or judgments against us, as of last, next or any subsequent term, with release of all errors.

ISAAC FERRIS,     [SEAL].
SAMUEL FERRIS,   [SEAL].

After the agreement and bond were read in evidence, the plaintiff examined a number of witnesses as to the amount of work done by him under the contract, and then offered to prove that, after the bond of the 5th of February 1833 had been given, Isaac and Samuel Ferris applied to the plaintiff, or his agent, for leave to make part of the lumber on the Connor tract into shingles; and that it was agreed they might do so, under the written contracts; and that the logs to be converted into shingles should be measured, and the quantity of sawed lumber they might make, should be estimated. Also that it was agreed between the plaintiff, by his agent, and the defendants, that part of the timber on said tract should be taken to Mott's mill to be sawed.

The defendants objected to this evidence; but the court overruled the objection, and sealed a bill of exceptions.

And the plaintiff further offered to prove, that at the time defendants took possession of the Connor lot, there was a million of feet on it suitable for lumber; and that the defendants took and used the whole of it, under the contracts in evidence.

The defendants objected to the evidence; the objection was overruled by the court, to which the defendants excepted.

[Vaughn v. Ferris.]

That part of the charge of the court to which the defendants excepted, was as follows:

" The claim of the plaintiff rests upon a judgment rendered upon a conditional bond, which refers to an article of agreement, and by its reference makes that article of agreement a part of its condition. The agreement is between plaintiff and Samuel Ferris; and by it, the jury will perceive that the manufactured lumber, which was the subject of it, was to be divided into two equal parts, one of which was to belong to plaintiff and one to Samuel Ferris. This is dated 21st of November 1832. On the 5th of February 1833, the bond was given; and by its condition the share of the lumber which, under the agreement, belonged to Vaughn, was sold to Isaac and Samuel Ferris for $5.50 per thousand. The effect of the bond upon the agreement, was merely to transfer the lumber, which, under it, might belong to the plaintiff, to the defendant; and by the confession of judgment, to give the plaintiff security for the amount when it should be liquidated. The agreement provided that all the lumber should be manufactured at Ferris & Barber's mill, and that lumber was provided for by the condition of the bond. During the progress of the cause, the court admitted evidence to prove that the parties, by a verbal agreement, made after the date of the bond, had provided that a part of the lumber might be hauled to Mott's mill, which was in the neighbourhood, and there manufactured; and also that a part of the lumber, by the same agreement, was to be made into shingles, and measured on the ground; and to this effect, some evidence has been adduced. If the jury, from the evidence, believe that such agreement was made by the parties, they will allow the plaintiff for the lumber thus manufactured; for the court instruct you, that it is such an immaterial variance in the mere matter of the place of delivery, and mode of ascertaining the quantity of lumber, as will not deprive the plaintiff of the security of his judgment."

*Kidder* and *Greenough*, for plaintiff in error, argued that the court erred in admitting the evidence of a parol agreement, for the purpose of charging the defendants in this action, which must be considered as if an action of debt upon the bond; and in charging the jury that they should allow the plaintiff for work done under such agreement. There can be nothing better settled than that the alteration of a contract under seal by parol, makes it all parol, and it cannot be enforced by an action on the bond or covenant. 3 *Stark. Ev.* 1002; 5 *Serg. & Rawle* 424; 14 *Serg. & Rawle* 286, 448; 1 *Watts* 36; 2 *Watts* 451; 6 *Serg. & Rawle* 171, 410; 1 *Serg. & Rawle* 464, 160; 2 *Rawle* 431; 3 *Rawle* 345; 1 *Binn.* 610: 7 *Serg. & Rawle* 115; 1 *Yeates* 132; 10 *Serg. & Rawle* 339.

II. — 7                    E

[Vaughn v. Ferris.]

*M'Clintock* and *Butler*, for defendants in error. By the recitals in the bond, the agreement was made that of both the defendants; and the parol evidence did not tend to vary the agreement in any essential particular, but merely to modify it, and that for the benefit of the defendants. Either party may waive a right under a written contract, and the other party may give parol evidence of such waiver; and that was all that was done here. 2 *Penn. Rep.* 454; 4 *Serg. & Rawle* 241.

The opinion of the Court was delivered by

KENNEDY, J.—The several errors assigned in this court, founded on the exceptions taken to the opinion of the court below, may all be disposed of by deciding the question whether the parol agreement alleged by the plaintiff below to have been made subsequently to the execution of the bond, can be considered as being incorporated into and forming a part of the condition thereunder written. For if it cannot, then the evidence mentioned in the first bill of exception offered by the counsel of the plaintiff, and admitted by the court, for the purpose of proving the parol agreement, was clearly inadmissible, and ought not to have been received. And, consequently, the evidence mentioned in the second bill of exception ought not to have been received either, as it was admitted for the purpose of proving the whole quantity of boards and other materials, which, it was alleged, the defendants below had gotten, as well under the written agreement referred to in the condition of the bond as the parol agreement, without proposing to distinguish or show how much was obtained separately under either of the agreements. In a suit, however, against Isaac Ferris for a breach of the subsequent parol agreement, which, from the evidence given, it would seem he, in conjunction with Newton Smith, and perhaps with John Malone and John Dale, but not with Samuel Ferris, as it appears to me, made with the plaintiff below, the evidence mentioned in the second bill of exception, though of a very vague and uncertain character, would have been admissible as to the quantity of lumber, which the timber growing on the west side of the road would have made, because Isaac, if the evidence be true, not only kept no account himself of the timber brought to Mott's mill and sawed from that side of the road, but actually destroyed one which his sawyer had commenced keeping, and forbade him to keep any. Although the bond in this case and the judgment entered upon it, in favour of the plaintiff below, against the defendants, was for a certain sum of money, yet from the terms of its condition it was perfectly uncertain what the amount would be, which the defendants would ultimately become liable to pay under it. In order, therefore, to ascertain the sum of money which the defendants, according to the tenor of the bond and its condition, had rendered themselves liable to pay to the plaintiff, it became necessary to

[Vaughn v. Ferris.]

sue out upon the judgment, the writ of *scire facias,* which is now before us. The writ of *scire facias* does not set out the condition of the bond and show how much lumber belonging to the plaintiff was received and taken by the defendants under it; nor does any declaration appear to have been filed by the plaintiff below for the like purpose. But notwithstanding this has been omitted, we are to look at the case and pass upon it as if a declaration had been filed by the plaintiff, reciting the condition of the bond upon which the judgment was entered, stating the amount of the lumber received by the defendants under it, and showing their liability to pay for the same according to the tenor and effect of the condition. If the plaintiff, in drawing his declaration, had recited the condition, as it was written at the time of the execution of the bond, it is quite clear, I apprehend, that he could not have claimed to charge the defendants with lumber gotten by them under the subsequent parol agreement, to which the condition of the bond has no reference whatever, and indeed could not possibly have, as it was not in existence at the time of the execution of the bond, nor even thought of by them. The rule that the *allegata* and *probata* must agree, would have precluded the admission of evidence to establish such a charge. But suppose, in order to avoid the operation of this rule, the plaintiff had introduced into his declaration the parol agreement as having been made a part of the condition of the bond, by a subsequent parol agreement entered into for that purpose between the parties. This would have militated against another rule, that an agreement cannot be partly in writing under seal of the parties and partly in parol. A subsequent parol agreement cannot be tacked to a prior agreement under seal, between the same parties, so as to make the two agreements one entire agreement under seal. But a prior agreement under seal may be referred to by a subsequent parol agreement, and made a part of it, so that both shall form but one entire parol agreement. This doctrine was recognised in *Vicary* v. *Moore,* (2 *Watts* 451), and ruled that case in favour of the plaintiff in error, by reversing the judgment rendered against him, as the defendant in the court below, which the plaintiff there recovered in an action of covenant for the breach of an agreement, made first in writing between the parties under their hands and seals, but subsequently altered in some respects by a parol agreement. The bond and the judgment entered upon it in this case, were given for the purpose of securing to the plaintiff the payment of the price of all the lumber which he had or should thereafter have at the saw-mill of Samuel Ferris, one of the defendants, under an agreement in writing therein referred to, all which lumber the plaintiff had sold to the defendants at the price mentioned in the condition of the bond, to be taken by them at said saw-mill. This is certainly and clearly all the lumber that is embraced within the condition of the bond; and it is equally

[Vaughn v. Ferris.]

certain, that the bond or its condition contains no provision, that any other lumber than that which had or should be sawed at Ferris's mill for the plaintiff under the agreement therein mentioned should by any future agreement of the parties be superadded. Without some such provision at least, I apprehend, that the bond could never be considered as forfeited by reason of the non-performance of a subsequent parol agreement, that the condition of it should extend to lumber which the plaintiff had at the time of making such subsequent parol agreement, or might thereafter have sawed at Mott's saw-mill under a different agreement from that mentioned in the condition of the bond, and to be taken by the defendants as purchasers of it at this last mill instead of Ferris's mill. If a mortgage had been given in this case instead of the judgment bond, it would scarcely be pretended, as it appears to me, that it could, by a subsequent parol agreement made between the parties, be extended so as to cover and secure the payment of other lumber than that mentioned in the mortgage; yet there seems to be no reason for making a distinction between the two cases. For I take it to be the settled rule upon this subject, that no money can be recovered under the penalty of a bond, or a judgment obtained for the penalty of it, excepting it be assessed or allowed as damages or a compensation on account of a breach of the condition as it is written. The penalty is only considered a security for the payment of whatever loss or damage may actually arise and accrue to the obligee, from the non-performance or non-observance, by the obligor, of something clearly mentioned or referred to in the condition; and not for loss or damage growing out of subsequent agreements or transactions between the parties, to which they could have had no possible reference, as they did not exist either in fact or in the contemplation of the parties at the time. We therefore think that the court below erred in admitting evidence for the purpose of establishing the subsequent parol agreement; and in directing the jury that such agreement, if proved, came fairly within the condition of the bond, or, at least, was not such a material alteration of the agreement mentioned and referred to in the condition of the bond, as would preclude the defendants from being liable to pay for all the lumber and shingles obtained under it, and from being liable to an execution to be awarded against them for the amount thereof, whatever the jury should find it to be, in the *scire facias* upon the judgment.

Judgment reversed, and a *venire facias de novo* awarded.