# Lawall *versus* Rader.

1. Where a contract under seal is altered by parol, it all becomes parol, but a mere additional parol agreement, not changing or modifying the one under seal, will not have this effect, nor will a stipulation releasing or waiving part performance.

2. Where a sealed contract is followed by one not under seal, relative to the same subject-matter, if both can be executed together, the one is not substituted for the other.

3. Where there is in fact a substitution of a contract not under seal, for one that is under seal, the substitution operates as an abandonment of the sealed contract, except as matter of reference for the terms of the parol contract which has supplanted it.

4. Where there was a sealed contract to complete a house at $890, and afterwards an additional written contract, unsealed, to put a slate roof on it, enlarging the price to $925, the sealed contract was abandoned, except as matter of reference.

ERROR to the Court of Common Pleas of *Northampton county*. On the 29th of January, 1846, Edward Lawall and Stephen D. Rader, made an agreement in writing, under their hands and seals, by which Rader bound himself to build and finish for

[Lawall v. Rader.]

Lawall, in a workmanlike manner, a complete house, including cellar, foundation wall, steps, &c., together with numerous other stipulations in regard to its style and finish, which were fully set forth in the agreement. Lawall, on his part, agreed to pay for the house the sum of $890, to be paid in specified amounts at specified times.

The first payment of $145, was made on the 6th of February, 1846, and a receipt for that amount written on the back of the agreement, and signed by Stephen D. Rader. At the same time, a note was given for the same money by S. D. Rader. The understanding at the time being, that in case the house should not be built according to the contract, Lawall might have his remedy upon the note.

On the 21st of June, in the same year, the parties made another agreement in writing, but not under seal, upon the back of the former sealed agreement, by which Rader contracted to put upon the house a slate roof, and Lawall to pay for the house the sum of $925, or $35 more, in view of the slate roof. Under these two agreements, the house progressed to its completion.

After its completion, it became shortly manifest that it was insufficiently and imperfectly constructed. The wall cracked; the floors settled unevenly; the joiner-work shrunk; the chimney smoked, and the foundation wall and pavement gave way.

For the damages thus incurred, Lawall brought an action on the case against Stephen D. Rader. The *narr.* charged a breach of contract in the first count, and upon the note in the second and last count.

The defendant pleaded *non assumpsit*, whereupon issue was joined. The trial was 28th April, 1852.

The plaintiff gave in evidence the note, and closed. To this, defence was made that the note was paid by the building of a certain house, it having been given for money intended as the first payment for the building of said house, and not for money lent, and having produced evidence to that effect, the defence closed. Upon which the agreements were produced, and the plaintiff gave evidence of the imperfect construction of the house.

The court, McCARTNEY, J., charged the jury as follows:

"Can the plaintiff recover in his present suit against S. D. Rader, on the count charging a breach of the contract? Such a recovery depends on the inquiry, whether the simple contract of 21st June, 1846, dissolved the sealed agreement of 29th January, 1846, and converted the whole into an unsealed contract? Covenants are dissolved by performance, by breach and recovery, and by recision, an implied form of which arises when the terms of the covenant are remodelled into a new contract, (called in the civil law, a Novation.) A subsequent parol agreement works

[Lawall *v.* Rader.]

a dissolution of a precedent specialty, either by express terms or by reasonable implication—an implication which arises where the subject-matter of the one so inter-penetrates that of the other, as to render the performance of both impracticable. In such an exigency the law, ever careful to compel no one to a vain act, construes the parol contract to be a dissolution and absorption of its predecessor. Such was the intermingling of parol and sealed provisions in *Vicary* v. *Moore*, 2 Watts, 451. This implied absorptive dissolution does not, however, obtain when the parol contract consists with the covenant. If the two are not in collision, both have an equal right to existence. The plaintiff inquires if a faulty roof is to be remedied by *assumpsit*, and a defective wall by an action of covenant. If the plaintiff makes two contracts specifically different, relative to distinct parts of the same building, and thereby charges himself with two remedies, the burden is one of his own imposition. The agreement from inconvenience in such a case, is not of itself sufficient to work a constructive dissolution of a contract solemnly sealed.

"The inconvenience of two suits is not greater than it would have been, had there been two separate contractors. Again, the defects alleged are not in the slate roof to which the *terms* of the parol contract relate, but in the body of the building for which the sealed instrument provides. Are these two contracts consistent, or in collision? They might have been made with separate contractors. The body of the building remains as described in the specialty; its dimensions, the mode of payment, time of completion, materials, &c., are untouched by the subsequent agreement. On the other hand, the slate roof and the $35 extra for the same, stand by themselves. No *mention* of a roof is made in the sealed contract, hence the slate roof is in terms not a change of that contract, but an appendix thereto; a thing added, with the expressive preface, that "it is further agreed by the parties." A sealed instrument for the erection of a house, is not to lose its character because the parties afterwards verbally agree to change a door or add a window; yet, such would be the effect of the rule of construction for which the plaintiff contends. Besides, had S. D. Rader, after six years, sued for the money due on the sealed contract, the Statute of Limitations had certainly not availed against his claim, by virtue of the subsequent agreement for a slate roof. We are of opinion that the two contracts are consistent; that they might have been made with different contractors; that the second one is not a dissolution of the first, and by consequence, the defective erection of the house cannot be remedied by the action of *assumpsit* on the contract."

Verdict for defendant.

[Lawall *v.* Rader.]

The charge of the court was the error assigned.

*Reeder* and *Green*, for plaintiff in error.—We contend that the parol agreement, dated June 21, 1846, contains the necessary elements to attract to, and absorb within itself, the former sealed agreement of the 29th January, and that therefore *assumpsit* is the proper remedy for any claim arising under those two agreements, considered separately or together. The doctrine held in the books seems to be, that where there are two agreements .affecting the same subject-matter, but. of different character, considered with reference to the solemnities of their construction, the character of the last shall be the character of both. *Vicary* v. *Moore*, 2 Watts, 457. Under this general rule, there is a specification, in effect that the rule does not apply to cases where the last agreement is merely an additional stipulation, not affecting, in any way, the performance of the first. *Ellmaker* v. *The Frank. Fire Ins. Co.*, 6 W. & S. 439; *M'Combs* v. *M'Kennan*, 2 W. & S. 217.

————, for defendant in error.

The opinion of the court was delivered May 30, 1855, by

Knox, J.—On the 29th day of January, A. D. 1846, an article of agreement, under seal, was made, by which the defendant, Rader, agreed, by the 1st of October next, to build, set up, and finish for the plaintiff, Lawall, a dwelling house, of the dimensions and in the manner mentioned in the contract; for which the plaintiff was to pay $890. In this contract, nothing is · said as to the kind of roof to be put upon the building; but · after the work was commenced, and partly done, viz : on the 21st June, 1846, by a superadded agreement, not under seal, the defendant stipulated to put a slate roof on the house, for which the plaintiff agreed to pay the additional sum of $35.

The plaintiff, alleging that the body of the house was defectively built, brought an action on the case, for damages. The Common Pleas was of opinion that the action should have been covenant, and so directed the jury.

The question presented is this : Did the subsequent agreement by parol so affect the original, as to destroy its character. as a specialty ?

Where a contract under seal is altered by parol, it all becomes parol. *Vicary* v. *Moore*, 2 Watts, 451. But a mere additional parol agreement, not changing or modifying the one under seal, will not have this effect. *Ellmaker* v. *The Franklin Fire Insurance Company*, 6 W. & S. 439. Nor will a stipulation by parol, releasing or waiving performance of part of the covenant. *M'Combs* v. *M'Kennan*, 2 W. & S. 217. The test of collision,.

[Lawall *v.* Rader.]

said Chief Justice Gibson, in *Ellmaker* v. *The Insurance Company*, was the capacity of the two contracts to be executed together.   Where that can be-done, the one is not substituted for the other ; and where there is in fact, substitution, it operates as abandonment—the specialty being relinquished, except as matter of reference for the terms of the parol contract, which has supplanted it.   Let us apply this test to the case under consideration.   By the agreement under seal, the defendant binds himself to build for the plaintiff a house, in a certain specified manner.   Nothing is expressly said as to the kind of roof to be put on the house ; but as the house was to be finished, it follows, as a matter of course, that it was to have a roof.   It was all to be done in a workmanlike manner; and in the absence of an express stipulation, the question presents itself, what kind of a roof was in contemplation of the parties?   Were it important to know the precise kind of roof which the original contract required, as this would depend upon the custom of the trade in the locality where the house was to be erected, it should have been submitted, as a question of fact, to the jury.   But the parties have furnished us with conclusive evidence that a slate roof was not originally contemplated ; for when this is agreed upon, an additional price is given for its consideration.

We have then, in the first place, an agreement under seal, to build and finish a house with a roof, but not a slate roof.   Afterwards the contract is altered, so as to require for its completion a slate roof ; and the price or sum to be paid is changed from $890 to $925.   After the alteration, the contract is still an entirety.   Until the slate roof was done, the house was not finished.   The contract under seal could not be executed without complete performance of the parol agreement, and under the authority of the cases above cited, the sealed contract was abandoned, except as matter of reference, and that by parol substituted in its place.

It is argued that the slate roof was a mere addition to, and not an alteration of the first contract.   But this can only be so, upon the assumption that the house could be finished without a roof of any kind; the absurdity of which is entirely apparent. The roof was as necessary to the house as the foundation ; the difference being, that without the one the structure could not be commenced, and without the other it could not be finished. If the alteration had been an immaterial one, the remedy would have been upon the sealed instrument ; but as there was a material variation, *assumpsit* was the proper action.

Judgment reversed and *venire de novo* awarded.