JOSEPH G. JEWETT & another, *scire-facias, vs.*
ALBERT H. JEWETT.

*Plea of puis darrein continuance—demurrer—judgment.*

In a plea of *puis darrein continuance,* the day of the continuance must be set forth.

If on demurrer to such plea, the judgment be against the defendant, it will be peremptory.

ON EXCEPTIONS.

*Scire-facias* to revive a judgment satisfied by a defective levy. The writ was dated Feb. 12, 1869, returnable at the March term, 1869, in this county.

At the August term, 1869, the defendant filed the following plea, which was duly sworn to :

And now the said defendant comes at this next term of the court after the first continuance of said action, and for plea says that the said plaintiffs ought not further to have or maintain their aforesaid action against him, or have judgment thereon for an alias execution, as in their writ of *scire-facias* prayed for, because he says that after the last continuance of this cause, and before the present term of the court, to wit, on the 7th day of May last past, the said Joseph S. Jewett, one of the plaintiffs, by his certain writing of release of that date, by him signed, and here in court to be produced, for a valuable consideration to him paid by the defendants, did release and discharge the judgments referred to in said writ, together with all interest and costs of every name and nature which had then accrued thereon, or any execution issued thereon, or any writ of *scire-facias* brought thereon, and this the defendant is ready to verify ; wherefore he prays judgment if the said plaintiffs ought further to have or maintain their aforesaid action against him.

To this plea the plaintiffs replied substantially, that Joseph S. Jewett had no interest in the judgment and execution mentioned

in the writ, when the judgment was rendered, but had long before that time released by deed under seal all his right, title, and interest, in and to the land which was the subject-matter of the suit on which said judgment for costs was rendered; that he had no right or authority to discharge said judgment and execution, as claimed by his writing of May 7, 1869; that Joseph G. Jewett was the only party in interest in said judgment and execution, and he alone could discharge the same,—all of which facts the defendant well knew before May 7, 1866; that said discharge was fraudulently and collusively obtained, with a design to defraud J. G. Jewett; and that J. S. Jewett, after the levy and before it was declared void, by his deed duly executed, acknowledged, and recorded, conveyed his interest in the land levied upon to one H. D. Jewett. This plea concluded to the country.

To this replication the defendant demurred, alleging that it was bad in substance and bad in form, specifically setting out the defects, and the demurrer was joined.

The presiding judge sustained the demurrer, and the plaintiff alleged exceptions.

*N. M. Whitmore, 2d*, for the plaintiffs.

*S. & J. W. May*, for the defendant.

Tapley, J. To the plaintiff's writ in this case, the defendant pleads *puis darrein continuance*, a release and discharge of the plaintiff's claim. To this plea the plaintiff has replied, and to the replication of the plaintiff the defendant demurs.

This raises not only the question of the sufficiency of the replication, but also that of the plea; "for it is an established rule that upon the argument of a demurrer, the court will, notwithstanding the defect of the pleading demurred to, give judgment against the party whose pleading was first defective in substance." 1 Chit. Pl. 668 and notes.

"Great certainty is required in pleas of this description; and it is not sufficient to say, generally, that 'after the last continuance'

such a thing happened, but the day of the continuance must be alleged." 1 Chit. Pl. 660; 3 Chit. Pl. 1238 to 1246; Steph. Pl. 80.

" A plea of this kind must be certain, for it is not sufficient to say that since the last continuance such a thing happened, but the day of the continuance must be shown, and also the time and place must be alleged when the matter of defense arose." 3 Bouvier's Inst., § 3022.

A plea *puis darrein continuance* requires extreme certainty, and the day of continuance should be specified. *Vicary* v. *Moore*, 2 Watts, 451; *Dunn* v. *Hill*, 11 Mees. & Wels. 470.

Such a plea must show facts happening after the last continuance, and the time and place when the defense arose. *Ross* v. *Nesbit*, 2 Gil. 252; *Cummings* v. *Smith*, 50 Maine, 568.

The plea of the defendant makes no averment of the day of continuance, and is fatally defective.

A plea of *puis darrein continuance* is a waiver of all former pleas, and if, on general demurrer, the decision be against the defendant, the judgment must be peremptory in favor of the plaintiff. *McKeen* v. *Parker*, 51 Maine, 389.

* *Judgment peremptory against the defendant.*

APPLETON, C. J.; CUTTING, KENT, DICKERSON, and BARROWS, JJ., concurred.