The opinion of the Court, (Tilghman, C. J. being absent,) was delivered by,
Gibson J.
The English decisions on this subject are irreconeileable; but a rule has been extracted from them, which is more consonant to the general principles of the action than the opposite doctrine) to wit, that where there is an express agreement, the complete execution of which has been prevented by the defendant, the plaintiff must declare specially on the agreement, and not on the implied promise for work and labour done. 2 Chitty’s Pleadings, 340. Here the plaintiff below claimed to recover for the whole time for which he had been employed, on the ground, that an act the performance of which has been prevented by the person for whose benefit it was to be performed, shall as to him be taken to have been actually performed. This holds so far as to give an action on the contract where actual performance would otherwise have been a condition precedent; but not to create an implied promise to compensate the party as if the act were actually performed. Where a special agreement has been executed, the courts have allowed a recovery on a general count: in other words, the plaintiff *237 has been permitted to waive the benefit of the agreement,, where he could show a meritorious cause of action which was independent of it, and to recover on an implied promise; and thus far the courts might well go without introducing an incongruity into the form of the action. But if a plaintiff will insist on the benefit of the special agreement, he must declare on it: otherwise he might count on one contract and recover on another. Now, here he does not found his right to recover on a promise arising by implication of law from acts .performed by him, but on a special agreement and for acts stipulated to be performed by him, prevention by the party to be benefited being said to be equivalent to actual performance. It appears then from the case made out at the trial, that he claims to recover on an express contract, and not as he has stated his cause of action in his declaration. There is never such a thing, in fact, as the promise laid in a general count: it is the consideration for which the promise is supposed tobe made, that is the substantial ground work of the action. But the consideration is not the execution of a contract, but services rendered or work and labour done, and this is the reason that the precedent contract, where there is one, must have been executed, the law implying a promise only from the acts of the plaintiff, and never from acts of prevention by the defendant. The decisions on actions for use and occupation, by which it has been settled that actual occupancy is not essential where the party might have taken possession under the agreement, but has neglected or refused to do so, are to be sustained only on the ground of precedent: for if occupancy be the consideration for the promise in actions of this kind, it would seem, that where there has been no such thing, a plaintiff could recover on common law principles only in an action on the agreement under which the defendant might have gone into actual possession. But this action is given by statute, and having been found extremely beneficial, it has in this respect been extended further than what the general principles of the action of assumpsit would otherwise seem to bear. In the case before us, however, it is clear, the plaintiff could recover a compensation proportionate to the time during which he was .actually in the defendant’s service.
•Judgment reversed, and a venire facias de novo awarded,