## McManus & Henry *versus* Cassidy.

1. When a party has fully performed his part of a special simple contract, he may maintain assumpsit and declare in the common counts.

2. When the cause of action is on a sealed writing the form must be debt or covenant.

3. The only exceptions are when the specialty has been altered by parol so as to make it a new contract, or when the specialty is abandoned and a new and independent contract made.

4. McGrann *v.* N. Lebanon Railroad, 5 Casey 82, criticised.

October 24th 1870. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

[McManus *v.* Cassidy.]

Error to the Court of Common Pleas of *Armstrong county:*
No. 26, to October and November Term 1869.

On the 30th of March 1867, Robert Cassidy brought an action
of assumpsit against Felix McManus and James G. Henry, part-
ners as McManus & Henry.

The action was to recover the balance due on 2035 railroad
ties delivered to the defendants under a contract under seal, made
between the parties on the 9th of May 1866, by which the plain-
tiff bound himself to deliver to the defendants 2000 ties, described
in the agreement, to be inspected and approved : in consideration
of the plaintiff performing his covenants for delivering the ties
the defendants agreed to pay him 60 cents per tie.

The plaintiff gave in evidence that he had delivered, under the
contract, 2035 ties of the kind and in the manner stipulated in
the contract. The ties amounted to $1221, of which $1047.74
had been paid to the plaintiff.

. The defendants gave evidence in answer to the plaintiff's case,
and submitted this point :—

Unless the jury believe that the sealed contract between the
plaintiff and defendants was abandoned by both and all the par-
ties, the plaintiff cannot recover.

The court (Buffington, P. J.) denied the point, and reserved
it. He further charged :—

* * * "No doubt the plaintiff might have brought his action
on the special agreement, but we are of opinion [he may sustain
the present form of action if he fully performed the agreement
on his part by furnishing the entire number of ties agreed upon.]
There are cases where assumpsit will not lie. Where the plaintiff
seeks to recover on an executory contract which has not been en-
tirely fulfilled on his part and has not been virtually rescinded
by the defendant, [the action must be founded on the special
agreement. But not so where the agreement has been entirely
complied with by the plaintiff, the consideration on his part en-
tirely executed, nothing left unfinished and nothing to be done
by defendants but simply to pay the amount agreed upon.] Espe-
cially is this the case where the contract has been more than ful-
filled by the plaintiff, and accepted and enjoyed by the defendant.
[If the jury, therefore, believe that the contract was fully com-
plied with by the plaintiff, by the delivery of the number agreed
upon, or a number exceeding that agreed upon, which were ac-
cepted, inspected and approved, we are of opinion that he may
recover in this form of action for the entire number so delivered
and inspected.] And we further are of the opinion that the
written contract may be resorted to, to fix and ascertain the mea-
sure of damages. If, however, the jury should fail to find the
contract to be completed by the plaintiff, he cannot recover." * * *

The jury found for the plaintiff $183.65, and the court after-

[McManus *v.* Cassidy.]

wards entered judgment on the verdict for the plaintiff on the reserved point.

The defendants took a writ of error, and assigned for error the denial of their point and the parts of the charge in brackets.

*J. Gilpin*, for plaintiff in error.—Assumpsit lies only for simple contracts: 1 Chit. Pl. 99, 103; Vicary *v.* Moore, 2 Watts 451; Vaughn *v.* Ferris, 2 W. & S. 51; Lawall *v.* Rader, 12 Harris 283; Irwin *v.* Shultz, 10 Wright 74; McCombs *v.* McKennan, 2 W. & S. 116; McGrann *v.* North Lebanon Railroad Co., 5 Casey 82. Covenant is the remedy for a contract under seal, where the damages are unliquidated: 1 Chit. Pl. 118; Jordan *v.* Cooper, 2 S. & R. 579; Shaeffer *v.* Geisenberg, 11 Wright 500; Bewly *v.* Tams, 5 Harris 489; Shaw *v.* Turnpike, 3 Penn. R. 447.

*E. S. Golden* (with whom was *J. B. Neale*), for defendant in error.—Where that contracted by covenant to be done has been performed, assumpsit lies: Kelly *v.* Foster, 2 Binn. 4; Bomeisler *v.* Dobson, 5 Whart. 405; Miles *v.* Moodie, 3 S. & R. 211; Algeo *v.* Algeo, 10 Id. 285; Harris *v.* Ligget, 1 W. & S. 301; Siltzell *v.* Michael, 3 Id. 329; Eckel *v.* Murphy, 3 Harris 93; Edwards *v.* Goldsmith, 4 Id. 43; McGrann *v.* North Lebanon Railroad Co., 5 Casey 82; Weiss *v.* Mauch Chunk Iron Co., 8 P. F. Smith 295; Carrier *v.* Dilworth, 9 Id. 406; Jones *v.* Horner, 10 Id. 214.

The opinion of the court was delivered, January 3d 1871, by
AGNEW, J.—With a great desire to sustain this judgment, we find ourselves unable to do so without assuming legislative powers. The courts both of England and of this state have felt themselves bound by the common law to maintain the boundaries between actions. Where a plaintiff has misconceived the form of his action, he must be turned out of court to begin anew, no matter what be the merit of his cause. This is a blot upon our jurisprudence, and should be remedied by the legislature. It can easily be done by simply giving to the courts the power to permit an amendment of the form of the action at any stage of the cause. Why should any one be turned away because of the dress in which he appears in court? The action in this case should have been covenant, and not *assumpsit*. It is certainly true, and well settled by authority, that when a *special* contract has been fully performed, the party who has fully performed it may maintain general *indebitatus assumpsit*, and declare in the common counts for the work and labor or services rendered under it: Kelly *v.* Foster, 2 Binn. 4; Miles *v.* Moodie, 3 S. & R. 211; Algeo *v.* Algeo, 10 Id. 285; Harris *v.* Liggett, 1 W. & S. 301; Siltzell *v.* Michael, 3 Id. 329; Eckel *v.* Murphy, 3 Harris 93; Edwards *v.* Goldsmith, 4 Id. 43. The reason and foundation of

[McManus v. Cassidy.]

this doctrine appears to be that when a service has been fully performed, a duty to compensate for it seems to arise independently of the special agreement. This, however, is really only seemingly so, and is probably fallacious, but the doctrine appears to be well settled, as the cases cited show. Yet, as the evidence that the doctrine cannot bear a severe test, we find it decided in several cases that part performance will not suffice, nor will prevention stand for full performance, and there the plaintiff must declare upon the special agreement, and show wherein his part performance will entitle him to recover: Algeo v. Algeo, *supra*; Harris v. Liggett, *supra*; Eckel v. Eckel, *supra*. All these cases, however, are where the special agreement has been by parol or a simple contract in writing. On a careful examination, I have not found a single case where the special agreement was under seal. The doctrine seems to be universal that where the cause of action arises upon a *specialty*, or sealed writing, the action must be covenant or debt, as the case may be. The only exception to this is where the specialty has been altered by parol to such an extent as to make it a new contract, thereby turning the whole into parol; or where the specialty is abandoned and a new and independent contract made, though referring to the sealed instrument for some of its terms. Such are the cases of Vicary v. Moore, 2 Watts 451; Vaughn v. Davis, 2 W. & S. 46; Spangler v. Springer, 10 Harris 455; Lawall v. Rader, 12 Id. 283; Lehigh Coal and Nav. Co. v. Harlan, 3 Casey 441. And a distinction is taken between a mere waiver of a term of the plaintiff's contract, which stands as a condition precedent to his action, and the contract of the defendant on which the action is founded; see Jordan v. Cooper, 3 S. & R. 564; Green v. Roberts, 5 Whart. 84; McCombs v. McKennan, 2 W. & S. 216; 3 Casey 441–2. In the argument, the case of McGrann v. North Lebanon Railroad Co., 5 Casey 82, has been referred to as a case of a specialty, where an action of *assumpsit* was sustained after performance. But the case is really put on the ground that the special contract had been abandoned, though it must be admitted that no single ground is very distinctly stated, and the reasoning of the opinion is not clear. On the other hand, the cases of Irwin et al. v. Shirley, 10 Wright 76, and Shaffer v. Geisenburg, 11 Wright 500, decide that assumpsit cannot be maintained upon performance of a contract under seal, and, indeed, they may be considered as really ruling the question before us, for in both cases the special contract had been completed before the action was brought. The judgment must therefore be reversed.

Judgment reversed.