## Joseph Wilcox *v.* John C. Palmer, Appellant.

*Landlord and tenant—Representations by agent—Affidavit of defence.*

In an action upon a lease for rent, an affidavit of defence setting forth a mere representation by the landlord's agent as to future action, dehors the lease, contrary to its terms, and not averred to be either false or fraudulent, is insufficient to prevent judgment.

In such a case an affidavit of defence averred that the landlord's agent had represented to the tenant that a row of objectionable houses occupied by disorderly people was controlled by the agent and plaintiff, and that these houses were to be demolished not later than a certain date specified, and that defendant, in consideration of the representations, executed the lease, but that the objectionable houses had not been removed, and defendant was compelled to remove from the premises. *Held,* that the affidavit of defence was insufficient to prevent judgment for the rent.

Argued April 5, 1894. Appeal, No. 334, Jan. T., 1894, by defendant, from order of C. P. No. 2, Phila. Co., Dec. T., 1893, No. 141, making absolute rule for judgment for want of sufficient affidavit of defence. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Affirmed.

Rule for judgment for want of sufficient affidavit of defence in assumpsit on lease for rent.

The affidavit of defence averred:

" That the premises mentioned in the said statement, to wit, 1128 North Forty-first street, consist of a handsome dwelling house, opposite to which was situate, at the time of the signing

of the lease, a row of tenement houses, the first floors of which were used as small retail stores, and the upper floors of which were rented out to the Italian laborers in the neighborhood, making the same a great objection to the renting of the said premises, 1128 North Forty-first street, for the reason that the tenants of the said tenement houses congregated in large numbers, used profane language and frequently quarreled.

" To induce the defendant to execute the lease of said premises, the said William Trautwine represented to the defendant that the opposite premises were controlled by him and the plaintiff, and that they were to be demolished not later than March 15, 1893, and unobjectionable houses erected in their places, as part of a scheme for the removal of the objections to the premises, 1128 North Forty-first street, and the general improvement of the park front and the immediate neighborhood.

" That in consideration of the representations of the agent of the plaintiff, defendant executed the said lease on the 14th day of February, 1893, and moved into the premises and remained there until the first day of May, 1893, having paid his rent in full to that time.

" That the said plaintiff did not, as he had represented to the defendant, remove nor secure the removal of the objectionable features by the 15th of March, 1893, nor any time thereafter, as he represented he would. Whereby, in consequence of such failure, the premises, 1128 North Forty-first street, became intolerable, by reason of the nuisance opposite, as a place of abode, and defendant was compelled to remove therefrom."

Rule for judgment absolute. Defendant appealed.

*Error assigned* was above order.

*Albert E. Peterson,* for appellant.—The averments of the affidavit contain what in law and equity amount to a substantial defence : Church v. Jones, 132 Pa. 462.

It is alleged in the affidavit that the execution of the lease was procured by the fraud and misrepresentation of plaintiff, and that is a question for the jury to determine, for it is a well settled rule in Pennsylvania, that where equity would reform or set aside a written instrument on the ground of fraud, accident or mistake, parol testimony is admissible to prove that defend-

ant was induced to execute the lease in consequence of the representations of plaintiff: Hurst's Lessee v. Kirkbride, 1 Bin. 616; Christ v. Diffenbach, 1 S. & R. 464; Cozens v. Stevenson, 5 S. & R. 421; Miller v. Henderson, 10 S. & R. 290; Hain v. Kalbach, 14 S. & R. 159; Clark v. Partridge, 2 Pa. 13; Renshaw v. Gans, 7 Pa. 117; Rearich v. Swinehart, 11 Pa. 233; Lippincott v. Whitman, 83 Pa. 244; Philips v. Meiley, 106 Pa. 537; Hardwick v. Pollock, 3 Dist. R. 245.

*William A. Davis, William Y. Tripple* with him, for appellee.—The averments in the affidavit of defence constitute no defence to an action for rent; the breach of a collateral covenant in the lease does not suspend the rent; the party must sue for his damages: Allegaret v. Smart, 11 W. N. 177; Obermyer v. Nichols, 6 Bin. 159; Fairman v. Fluck, 5 Watts, 516; Prescott v. Otterstatter, 79 Pa. 462; Warner v. Caulk, 3 Whart. 193.

The affidavit does not aver acceptance by the lessor of surrender: Breuckmann v. Twibill, 89 Pa. 58; Auer v. Penn, 99 Pa. 370; Teller v. Boyle, 132 Pa. 56.

Whenever a party relies upon fraud it ought to be distinctively and particularly alleged: Groff v. Groff, 14 S. & R. 184; Clark v. Partridge, 2 Pa. 15.

OPINION BY MR. JUSTICE MITCHELL, July 12, 1894:

The affidavit of defence sets out nothing more than a representation by plaintiff's agent of what would be done by plaintiff in regard to other premises than those leased, and a failure of plaintiff to do it. It is not said that the representation was false, nor is any fraud alleged either in the making of it or the failure to perform. Even if the representation had been a covenant of the lease, it would have been merely collateral, and would not have suspended or discharged the rent. Prescott v. Otterstatter, 79 Pa. 462; Allegaert v. Smart, 11 W. N. 177. But in the present case it was not a covenant at all, but a mere representation as to future action, dehors the instrument, contrary to its terms, and not averred to be either false or fraudulent. It was therefore no defence to the claim for rent, and was not averred with such allegation of damages, as would make it even ground for a reduction.

Judgment affirmed.